PER CURIAM.
This is a timely interlocutory appeal from an order awarding immediate possession of property. We affirm.
On April 12,1979, the trial court conducted a hearing upon appellant’s motion for temporary relief. Because of the limited time available, the trial court requested the parties to wait outside and they complied. After the parties left the hearing room, temporary alimony was discussed pursuant to the motion. Appellee’s counsel, Mr. Beverly, then informed the court that his client’s income taxes of $13,000.00 were due the following Monday, April 16th; that $6,811.24 was deposited in a joint savings account by appellee without contribution from appellant; and that $5,852.82 was deposited in another joint savings account, to which each party had contributed half. Then the following took place:
MR. BEVERLY: If that is the Court’s position, let me suggest this: Let me request that an order be entered authorizing, or ordering, Mrs. Freeman to release to Mr. Freeman that portion of the money in Community Federal to specifically pay his taxes with and ordering her to release 50 percent of the Bank of Palm Beach, so—
THE COURT: Well, I think that would be all right, assuming that they are filing separate returns.
MR. BEVERLY: I agree.
THE COURT: He wants his half, right?
MR. BEVERLY: He wants to be able to pay his taxes,, regardless.
THE COURT: Any objection to that?
MR. WALKDEN: I am just going to make sure with my client, that those are the correct figures. If they are, I would advise her. (emphasis added).
THE COURT: If they are in joint accounts, I think I would have to assume at this point that they are in fact equal.
MR. WALKDEN: That is my assumption.
THE COURT: If it may be at some later time, at least at this stage, we can assume he is entitled to his half.
MR. BEVERLY: The Community Federal account, he deposited all of that.
THE COURT: But, it is a joint account.
Well, I would order her to release his half. He is entitled to half or more or less. At a later time, in fact we can state that in the order, by so releasing this account, does not determine if they each equal owners.
MR. BEVERLY: Well, the problem I am trying to get at is the fact that if I get one-half of each account — in other words, if he doesn’t get all of his money that he put in, in the account where there is no contest, whether she made any contributions or not, this would leave him with less that [sic] sufficient money to pay his taxes.
MR. WALKDEN: With all due respect, I am not sure that there is no contest.
MR. BEVERLY: We can ask them.
MR. WALKDEN: Let’s find out.
Is that all right with Your Honor?
THE COURT: Yes.
(WHEREUPON, both attorneys had a brief conference with their clients.) (emphasis added).
MR. BEVERLY: That is no problem, Your Honor. It [sic] (is) all Mr. Freeman’s.
THE COURT: Well, in that case, she should release the money. All of this is going to be a matter of record and we will adjust it at the end, should it come out later on that she has a special interest in those accounts, (emphasis added).
MR. BEVERLY: All right, sir.
THE COURT: What else can we do?
MR. BEVERLY: Then, specifically any pending bills referable to the home of the parties, including the mortgage, will be paid by the husband. Neither party is to charge any items to the other’s account, of whatever nature.
*1178 THE COURT: From today’s date.
MR. BEVERLY: From today’s date forward. The wife shall release the funds in Community Federal Savings in the amount of $6,811.24 and 50 percent of the joint savings account at the Bank of Palm Beach, the total being $5,852.82, and 50 percent of that figure being $2,926.41.
After brief further discussion the hearing ended and the order being appealed was entered. It recited, inter alia:
6. The Wife shall release to the Husband all of the funds in the Savings Account at Community Federal Savings and Loan Association in the approximate amount of $6,811.24. The Wife shall also release to the Husband one half of the funds in the Savings Account at the Bank of Palm Beach, which account balance is approximately $5,852.82, all for the purpose of the Husband paying his Federal Income Taxes due on April 16, 1979.
Appellant contends that that order requiring her to release funds in the joint savings accounts should not have been entered in the absence of any evidence or affidavit because the funds were held jointly. Notwithstanding the absence of any motion, the record reflects no objection at the hearing to the release of the funds. Moreover, the order did not adjudicate ownership of the funds. Instead, the trial court authorized use of the funds for the specific announced purpose, subject to appellant’s opportunity to establish all of her rights and to obtain appropriate adjudication at the final hearing.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.
BERANEK, J., concurs in result only.